**Leon GELLER, Eli Bloom, Irwin Katz, James E. Farley, Mark Herrmann, Trustees of GNY Automobile Dealers Health & Welfare Trust, Plaintiffs–Appellants,**

v.

**COUNTY LINE AUTO SALES, INC., Carmine Bellofatto, Patrick DeJoseph, Defendants–Appellees.**

No. 572, Docket 95–7570.

United States Court of Appeals, Second Circuit.

Argued Dec. 12, 1995.

Decided June 6, 1996.

Robert M. Sullivan, Law Offices of Ira J. Greenhill, New York City, for Defendants–Appellees.

Patrick DeJoseph, Hewlett, New York, Defendant–Appellee Pro Se.

Before OAKES, WINTER, and WALKER, Circuit Judges.

WALKER, Circuit Judge:

The plaintiffs, the trustees of the GNY Automobile Dealers Health and Welfare Trust (the "Trust"), commenced this action against County Line Auto Sales, Inc. ("County Line") and two of its officers, Carmine Bellofatto and Patrick DeJoseph, to recover moneys allegedly fraudulently obtained in violation of federal and state law. The plaintiffs appeal from a May 17, 1995 memorandum and order of the United States District Court for the Eastern District of New York (Charles P. Sifton, *Chief Judge*) granting the defendants' motion to dismiss the complaint for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Because the district court erred in holding that the plaintiffs' common law fraud claim is preempted by ERISA, we vacate the district court's order.

## BACKGROUND

The facts of this case, in which an employer is being sued by a trust for improper administration of an employee benefit plan, are set forth by the district court in *Geller v. County Line Auto Sales, Inc.*, No. CV–94–3123, 1995 WL 313123 (E.D.N.Y. May 17, 1995). On a motion directed to the pleadings, we, like the district court, must take as true the facts as alleged in the complaint. We reiterate only those facts necessary to the disposition of this appeal.

The plaintiffs brought this action in their capacity as trustees for the Trust, which provides medical benefits to members of the Greater New York Automobile Dealers Association (the "Association") and their employees. To be eligible to receive benefits under the Trust, a participant must be a full-time employee of a member-employer. County Line is a member-employer.

Terrence P. O'Reilly, Foley, Hickey, Gilbert & O'Reilly, New York City, for Plaintiffs–Appellants.

In October 1989, the defendants registered Patricia Kleppner, defendant DeJoseph's girlfriend, as a full-time employee of County Line who was eligible for Trust plan membership even though she was not so employed. In reliance, the plaintiffs enrolled Kleppner in the Trust plan effective December 1989. The defendants confirmed Kleppner's status as a full-time employee between December 1989 and August 1993 by remitting monthly premiums to the Trust upon receipt of an invoice. The invoice stated:

> By paying this bill the company hereby acknowledges and guarantees that the employees listed are in fact eligible for the group insurance shown according to the terms of the contract as outlined in the employee booklet.

During the relevant period, Kleppner's name was among the employees listed on each invoice.

In November 1991, Kleppner was diagnosed with lung cancer and was hospitalized several times before her death in August 1993. During the period of her illness, Kleppner received medical, diagnostic, and laboratory services for which the plaintiffs paid out $104,554.82 from the Trust fund.

After Kleppner died, the Trust learned that she had never been a County Line employee. The Trust demanded that the defendants reimburse the Trust for its expenditures on Kleppner's behalf. When the defendants refused, the plaintiffs brought this action seeking 1) reimbursement pursuant to ERISA's civil enforcement provisions, 29 U.S.C. § 1132(a), 2) compensatory and punitive damages based upon New York common law fraud, and 3) New York common law restitution.

The district court found that the plaintiffs could not prevail under ERISA's civil enforcement provisions: first, as fiduciaries the plaintiffs were limited to equitable relief under 29 U.S.C. § 1132(a)(2) and the claim here was for money damages; second, the broad panoply of remedies available against fiduciaries under 29 U.S.C. § 1132(a)(3) was not available to the plaintiffs because the defendants were not fiduciaries. The district court further held that ERISA's preemption provision, 29 U.S.C. § 1144(a), barred the plaintiffs' second and third causes of action for state law relief. The Trustees now appeal.

## DISCUSSION

We review de novo the dismissal of the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, taking as true the facts alleged in the complaint and drawing all reasonable inferences in the plaintiffs' favor. *Jackson Nat'l Life Ins. Co. v. Merrill Lynch & Co.*, 32 F.3d 697, 699–700 (2d Cir.1994) (citing *Allen v. WestPoint–Pepperell, Inc.*, 945 F.2d 40, 44 (2d Cir.1991)). A dismissal under Rule 12(b)(6) for failure to state a cognizable claim may be affirmed only where "it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

### I.   ERISA's civil enforcement provisions

The Trust's first cause of action is predicated upon 29 U.S.C. § 1132(a), which identifies the persons empowered to bring a civil action and provides in relevant part:

> A civil action may be brought—
>
> . . .
>
> (2) by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under section 1109 of this title [for imposition of liability for breach of fiduciary duty]; [or]
>
> (3) by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this sub-chapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

The plaintiffs may recover against the defendants if they can demonstrate either that the defendants are "fiduciaries" under subsection (2) or that restitution is encompassed by the phrase "other . . . equitable relief" in subsection (3). We agree with the district court

that the plaintiffs are unable to recover under either provision.

Section 1132(a)(2) incorporates by reference 29 U.S.C. § 1109, which states in pertinent part:

(a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through the use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

Thus, the plaintiffs are foreclosed from recovering under § 1132(a)(2) unless they can demonstrate that County Line, Bellofatto, and DeJoseph are fiduciaries. They are not. "Fiduciary" is defined, in relevant part, as follows:

[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any monies or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). The Department of Labor regulations that set forth the Department's interpretative guidelines further delineate the responsibilities of a fiduciary, explaining that "persons who have no power to make any decisions as to plan policy, interpretations, practices or procedures" and, therefore, perform "purely ministerial functions" are not fiduciaries. 29 C.F.R. § 2509.75–8. According to the regulations, the performance of ministerial functions includes, *inter alia,* the determination of eligibility for participation or benefits, the maintenance of service and employment records, the calculation of benefits, and the processing of claims. *Id.* A person performing these functions

is not a fiduciary because such person does not have discretionary authority or discretionary control respecting management of the plan, does not exercise any authority or control respecting management or disposition of the assets of the plan, and does not render investment advice with respect to any money or other property of the plan and has no authority or responsibility to do so.

*Id.*

The defendants' duties, as alleged in the complaint, are insufficient to support a finding that they are fiduciaries. The single paragraph of the complaint that addresses their responsibilities in relation to the plan states only that each month the Trust presented an invoice to County Line which "set forth Patricia Kleppner as a covered employee of County Line." Compl. ¶ 15. The defendants' acts in guaranteeing eligibility and remitting premiums to the Trust cannot be construed as discretionary. Because the complaint fails to allege facts sufficient to support an inference that any of the defendants is a plan fiduciary, no liability can attach to them under § 1132(a)(2).

*United States Steel Corp. v. Com. of Pennsylvania Human Relations Comm'n,* 669 F.2d 124, 127 (3d Cir.1982), cited by the plaintiffs, is inapposite. We agree with the plaintiffs that there is "a legislative presumption that not infrequently the same entity would be both employer and fiduciary and that an employer who sponsors an employee benefit plan for its employees and determines the terms of its employees health insurance plan, is a fiduciary under ERISA." Brief for Plaintiffs–Appellants at 26; *see United States Steel Corp.,* 669 F.2d at 127. However, the employer must exercise the requisite degree of control and discretion to be held liable as a fiduciary. The plaintiffs' allegations do not permit such an inference in this case.

■ The plaintiffs also seek to premise ERISA liability on a theory of restitution under § 1132(a)(3). The defendants respond that restitution is not available because they were not unjustly enriched and that the claim against them is essentially one at law for damages. The district court correctly stated that to receive restitution, a plaintiff must demonstrate that the defendant "had wrongfully secured a benefit, or had passively received one which it would be unconscionable for him to retain." *Geller*, 1995 WL 313123 at *4 (quoting Plaintiffs' Mem. at 18). In an action for restitution, the essential inquiry "is whether it is against equity and good conscience to permit the defendant to retain what is sought to be recovered." *Paramount Film Distrib. Corp. v. State*, 30 N.Y.2d 415, 421, 334 N.Y.S.2d 388, 393, 285 N.E.2d 695, 700 (1972) (citations omitted). The complaint alleges that Kleppner, not the defendants, received the health care benefits and that the payments from the Trust were solely on Kleppner's behalf. Because the defendants were not unjustly enriched, a restitution award is not available.

## II. New York common law claims

■ The district court held that the plaintiffs' state common law claims of fraud and restitution concern matters that "relate to" employee benefit plans and are therefore preempted by ERISA. The plaintiffs' third cause of action seeks reimbursement of the $104,554.82 based upon unjust enrichment and restitution under New York common law. Although there are strong policy reasons to permit such claims to preserve the integrity of employee benefit plans, restitution under common law may be preempted because restitution is accounted for in ERISA. *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256–59, 113 S.Ct. 2063, 2068–70, 124 L.Ed.2d 161 (1993) (noting that restitution may be an appropriate equitable remedy in an ERISA case under 29 U.S.C. § 1132(a)(3)). In any event, we need not reach this issue because restitution will not lie for the reasons stated above.

We believe, however, that the plaintiffs' fraud claim may stand. ERISA is a remedial statute enacted to protect the interests of beneficiaries of private retirement plans by reducing the risk of loss of pension benefits. ERISA established a comprehensive federal statutory program intended to control abuses associated with pension benefit plans. *See* 29 U.S.C. § 1001 (statement of congressional purpose). "To protect the integrity of the federal regulatory scheme," *Delta Air Lines, Inc. v. Kramarsky*, 650 F.2d 1287, 1292 (2d Cir.1981), ERISA expressly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute, 29 U.S.C. § 1144(a). "[T]he express preemption provisions of ERISA are deliberately expansive," *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45–46, 107 S.Ct. 1549, 1551–52, 95 L.Ed.2d 39 (1987); indeed, they are among the broadest that can be found in the law. However, the intent of Congress "was not to foreclose every state action with a conceivable effect upon ERISA plans, but to maintain exclusive federal control over the regulation of such plans." *NYS Health Maintenance Org. Conference v. Curiale*, 64 F.3d 794, 803 (2d Cir. 1995).

The district court held that the plaintiffs' common law fraud claim was preempted by ERISA on the ground that it "related to" an ERISA-regulated employee benefit plan in the sense that it has "a connection with or reference to" an employee benefit plan. The district court reasoned simply that the plaintiffs' common law fraud claim "related to" the plan because it "ar[o]se directly out of the allegedly improper administration of the plan." *Geller*, 1995 WL 313123 at *2; *see McNamee v. Bethlehem Steel Corp.*, 692 F.Supp. 1477, 1479 (E.D.N.Y.1988).

We have held previously that a common law fraud claim for misconduct arising from the administration of an ERISA plan may be preempted. In *Diduck v. Kaszycki & Sons Contractors, Inc.*, 974 F.2d 270 (2d Cir.1992), a demolition company failed to make required pension fund contributions for a group of "off-the-books" workers. We held that the class action plaintiffs' common law fraud claim on behalf of participants and beneficiaries of the pension plan was preempted on the ground that the claim had "as a 'critical factor in establishing liability' the existence

of a plan and duties similar to those imposed by ERISA." *Id.* at 288. In this case, however, allowing the plaintiffs to pursue their common law fraud claim would in no way compromise the purpose of Congress and does not impede federal control over the regulation of employee benefit plans. To the contrary, "insuring the honest administration of financially sound plans" is critical to the accomplishment of ERISA's mission. *Pompano v. Michael Schiavone & Sons, Inc.*, 680 F.2d 911, 914 (2d Cir.) (citation omitted), *cert. denied*, 459 U.S. 1039, 103 S.Ct. 454, 74 L.Ed.2d 607 (1982). ERISA is designed to protect the interests of participants and beneficiaries of employee benefit plans, *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 137, 111 S.Ct. 478, 482, 112 L.Ed.2d 474 (1990), and the preemption provision should not be read to contravene the statute's underlying design. The unauthorized diminution of pension benefits—in the present case, the outright squandering of funds—is squarely at odds with the congressional purpose of protecting pension benefits. The plaintiffs' common law fraud claim, which seeks to advance the rights and expectations created by ERISA, is not preempted simply because it may have a tangential impact on employee benefit plans.

We are persuaded further in this conclusion by the fact that although the defendants improperly administered the plan, the essence of the plaintiffs' fraud claim does not rely on the pension plan's operation or management. The "bare bones" of the claim are that 1) the defendants fraudulently misrepresented that Kleppner was a full-time employee and 2) in reliance on the defendants' representation, the plaintiffs paid out more than $104,000 on her behalf. The plan was only the context in which this garden variety fraud occurred.

## CONCLUSION

For the foregoing reasons, we hold that the plaintiffs state a valid cause of action under New York law for fraud, and we vacate the order of the district court.