William **ARAMONY**, Plaintiff,

v.

**UNITED WAY OF AMERICA, individually and as administrator and named fiduciary under the United Way of America Replacement Benefit Agreement, United Way Replacement Benefit Plan and United Way Supplemental Benefits Agreement, Defendants.**

No. 96 Civ. 3962 (SAS).

United States District Court,
S.D. New York.

Dec. 18, 1996.

Michael Bailey, Dennis W. Houdek, Falcone, Houdek, Bailey & Curd, L.L.P., New York City, for Plaintiff.

Elise M. Bloom, Jennifer ·B. Courtian, Jackson, Lewis, Schnitzler & Krupman, New York · City, Paul Ondrasik, Jr., Sara E. Hauptfuehrer, Steptoe & Johnson, L.L.P., Washington, DC, for Defendants.

1. This Opinion refers to each Count of the Complaint as a "Claim". *See* 1B James W. Moore, *Moore's Federal Practice* ¶ 0.410[1] at III–171 n.

### OPINION AND ORDER

SCHEINDLIN, District Judge.

Plaintiff filed this action on May 25, 1996 to recover, *inter alia,* retirement benefits, salary, and legal expenses. On October 18, 1996, defendants moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, defendants' motion is partially granted and Claims [1] Seven, Twelve, Thirteen and Fourteen of the Complaint are dismissed.

### Legal Standard for Motion to Dismiss

In deciding a Rule 12(b)(6) motion, the court must accept as true material facts alleged in the complaint and draw all reasonable inferences in the nonmovant's favor. *See Kaluczky v. City of White Plains,* 57. F.3d 202, 206 (2d Cir.1995). Such a motion cannot be granted simply because recovery appears remote or unlikely on the face of a complaint, as "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996) (quoting *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995) (quoting *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974)), *cert. denied,* —— U.S. ——, 117 S.Ct. 50, 136 L.Ed.2d 14 (1996)) (internal quotation marks omitted). Rather, dismissal can only be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Scheuer,* 416 U.S. at 236, 94 S.Ct. at 1686.

### Factual Background

Applying the above principles, the facts of this case are as follows. Plaintiff Aramony is the former President and Chief Executive Officer of United Way of America ("UWA"), a. New York non-profit organization. On April 1, 1984, plaintiff and UWA entered into an employee benefit plan (the "Replacement Benefit Plan") with a more favorable tax profile than the benefit plan in which he previously had participated. On October 12, 1984, plaintiff and UWA entered into a Sup-

2 (2d ed. 1996) (explaining the Federal Rules of Civil Procedure have abandoned the term "cause of action" and instead use the term "claim").

plemental Benefits Agreement. Later, the Supplemental Benefits Agreement was amended on September 26, 1988. *See* Complaint ¶¶ 5–7.

In late 1991 and early 1992, a series of newspaper articles reported that plaintiff had improperly benefitted from his position at United Way. The principal allegations focused on plaintiff's expenses and alleged failure to reimburse UWA for personal items. While maintaining his innocence, plaintiff offered to retire on February 26, 1992. At the time, his offer was refused by the Board of Directors. Instead, plaintiff and UWA agreed a search should be conducted for a suitable successor, a process that was expected to take approximately six months. Plaintiff agreed to remain as CEO of UWA but to relinquish his title of President.

In early March, 1992, UWA reversed its position and terminated plaintiff's active responsibilities. Plaintiff and UWA agreed that plaintiff's termination would not affect his status as an employee of UWA, which was to continue until the expiration of his employment contract on July 31, 1993. *See* Complaint ¶ 16; *see also* Plaintiff's Exhibit D. Nevertheless, UWA ceased all salary payments to plaintiff on March 16, 1992, and indicated that UWA was not going to distribute plaintiff's retirement benefits to him. Since that time, UWA has not paid plaintiff any salary or retirement benefits.

In May, 1992, plaintiff agreed to enter mediation with UWA to resolve the salary and benefit dispute. UWA agreed to negotiate in good faith and to reimburse plaintiff for the expense of participating in the mediation process. After a year of unsuccessful mediation, UWA refused to reimburse plaintiff for mediation expenses totaling $350,000. *See* Complaint ¶ 42.

**Discussion**

I. Plaintiff's Complaint

Defendants argue that each of plaintiff's claims must be dismissed. Plaintiff's Complaint pleads the following Claims:

(1) Declaratory judgment enforcing the Replacement Benefit Plan;

(2) Breach of Replacement Benefit Plan;

(3) Declaratory judgment enforcing the Supplemental Benefits Agreement;

(4) Breach of Supplemental Benefits Agreement;

(5) Breach of Employment Agreement;

(6) Breach of Agreement to Reimburse Fees and Costs;

(7) Breach of Fiduciary Duties Under ERISA;

(8) Unjust Enrichment;

(9) Breach of Agreement to Mediate;

(10) Breach of Duty of Good Faith and Fair Dealing;

(11) Reformation of the Agreements;

(12) Breach of Agreement to Provide Valid Employee Benefit Plans

(13) Intentional Infliction of Emotional Distress;

(14) Conversion

Defendants' arguments will be analyzed below with regard to each of plaintiff's Claims.

II. Claims One through Four

Defendants contend Claims One through Four are state contract law claims and are therefore preempted by ERISA. Defendants then state "[t]hese Counts should be dismissed with leave to replead them as claims for benefits under § 502(a)(1)(B) of ERISA." *See* Defendants' Memorandum of Law in Support of Motion to Dismiss, "Defendants' Memo." at 11. Plaintiffs argue in response that the Complaint affirmatively pleads reliance on ERISA with respect to Claims One through Four. *See* Plaintiff's Memorandum in Opposition to Defendants' Motion to Dismiss, "Plaintiff's Memo." at 12 (citing Complaint ¶¶ 2, 4, 47, 56) (expressly referring to ERISA).

It is true that plaintiff's Complaint does not expressly refer to § 502(a)(1)(B) of ERISA, which permits civil actions to be brought to obtain, *inter alia*, legal and equitable relief and to enforce the terms of an ERISA plan. However, defendants' argument places form over substance in contravention of the basic goals of the Federal Rules of Civil Procedure. *See, e.g.,* Fed. R.Civ.P. 1 ("These rules ... shall be construed and administered to secure the just,

speedy, and inexpensive determination of every action.") and Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). Plaintiff's Complaint adequately relies on ERISA as the basis of claims One through Four. Granting leave to amend the Complaint simply to add the specific section of ERISA under which plaintiff's action is brought would needlessly prolong this litigation. Plaintiff's claims One through Four will be construed to rely specifically on § 502(a)(1)(B) of ERISA. Finally, defendants' argument that plaintiff's declaratory judgment Claims are redundant is rejected. ERISA permits pension plans beneficiaries to sue for both a declaration of their rights under the plan and for contract damages. *See, e.g., Carr v. First Nationwide Bank,* 816 F.Supp. 1476, 1480 (N.D.Cal.1993) (Patel, J.). Defendants' motion to dismiss with regard to these claims is denied.

### III. Claims Five, Six, Nine and Ten

Although defendants move to dismiss plaintiff's action in its entirety pursuant to Rule 12(b)(6), the Defendants' Memorandum does not present any argument as to why claims Five, Six, Nine and Ten should be dismissed. Defendants' motion is therefore denied with regard to these claims.

### IV. Claim Seven: Breach of Fiduciary Duties

■ Plaintiff's claim for breach of fiduciary duties relies solely on Section 7.03 of the Replacement Benefit plan, which allegedly creates a fiduciary relationship between plaintiff and UWA. In substance, Claim Seven is a claim for breach of contract identical to Claim Two. Although the Federal Rules of Civil Procedure allow the pleading of alternative theories, a plaintiff may not plead the same claim more than once.[2] Thus, because Claim Seven duplicates Claim Two, it must be dismissed. *See, e.g., PI, Inc. v. Quality Products, Inc.,* 907 F.Supp. 752,

763 (S.D.N.Y.1995) (dismissing fraud claim because it duplicated breach of contract claim already alleged in plaintiff's complaint). Defendants' motion is granted with regard to Claim Seven.

### V. ERISA Preemption of Claim Eight: Unjust Enrichment

Defendants assert that plaintiff's common law claim for unjust enrichment is preempted by ERISA. Plaintiff argues that his common law claim is an alternative claim for relief that is not preempted because defendants contest the existence, enforceability and terms of the pension agreements in issue. Plaintiff states that if he is awarded benefits under his ERISA claims, his unjust enrichment claim relating to defendants' denial of pension benefits will be withdrawn. Plaintiff also maintains that his unjust enrichment claim does not relate exclusively to the pension plans, but is also grounded in defendants' agreement to reimburse plaintiff for legal expenses and in defendants' bad faith mediation efforts. *See* Plaintiff's Memo. at 20–21.

■ Plaintiff may not resort to a state common law action to enforce the terms of an ERISA-controlled benefit plan. *See* ERISA § 514(a), codified at 29 U.S.C. § 1144(a). *See also Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45–46, 107 S.Ct. 1549, 1551–52, 95 L.Ed.2d 39 (1987) (ERISA's preemption language is "deliberately expansive, and designed to establish pension plan regulation as exclusively a federal concern.") (quotations omitted); *Geller v. County Line Auto Sales, Inc.,* 86 F.3d 18, 22 (2d Cir.1996). *See generally* James F. Jorden et al., *Handbook on ERISA Litigation* § 2.03 (1994) (describing the wide preemptive effect of ERISA on state law). However, as defendants question the existence of an enforceable ERISA plan,[3] plaintiff's unjust enrichment claim is an acceptable alternative theory that may be pled along with plaintiff's ERISA claims. *See*

---

**2.** Duplicative claims, which are not permitted, must be distinguished from alternative claims, which are permitted. Claim Seven is duplicative of Claim Two because it relies on identical allegations of fact and law. Thus if Claim Two fails, Claim Seven must fail as well, and *vice versa.* As discussed in Part V of this Opinion, plaintiff's

unjust enrichment claim is not duplicative because it may succeed independently of the ERISA-based Claims as an alternative theory of relief.

**3.** *See* Defendants' Memo. at 7, 8 n. 4.

Fed.R.Civ.P. 8(e)(2). *See also United States Gypsum Co. v. National Gypsum Co.,* 352 U.S. 457, 467, 77 S.Ct. 490, 495–96, 1 L.Ed.2d 465, *reh'g denied,* 353 U.S. 932, 77 S.Ct. 716, 1 L.Ed.2d 724 (1957). *See generally* 2A James W. Moore, *Moore's Federal Practice* ¶¶ 8.14 at 8–75, 8.18 at 8–133 (2d ed. 1996). Furthermore, ERISA does not preempt plaintiff's unjust enrichment claim to the extent that it is directed towards the alleged agreement to reimburse for legal expenses and the alleged bad faith mediation efforts. *See Geller,* 86 F.3d at 23. Defendants' motion is denied with regard to this Claim.

## VI. Claim Eleven: Reformation of the Agreements

■ Defendants mistakenly argue that plaintiff's claim for reformation of the Replacement Benefit Plan and Supplemental Benefit Plan is based on state law and therefore is preempted by ERISA. In fact, plaintiff alleges that his retirement benefit plans are controlled by ERISA and pleads for reformation under ERISA and federal common law.[4] The question of whether reformation is appropriate may be resolved either by the terms of ERISA itself, by federal common law, or by state law if the statute leaves the issue open and no federal common law exists. *See Grabois v. Jones,* 89 F.3d 97, 101 (2d Cir.1996); *Healy v. Rich Products Corp.,* 981 F.2d 68, 73 (2d Cir.1992). Defendants' motion to dismiss is denied with regard to Claim Eleven.

## VII. Claim Twelve: Breach of Agreement to Provide Valid Employee Benefit Plans

■ Plaintiff alleges that "[i]n the event the Replacement Benefit Plan and/or the Supplemental Benefit Plan is deemed to be invalid or unenforceable, defendants have breached their agreement to provide valid and enforceable benefits plans to the plaintiff." Complaint ¶ 91. This claim is, in essence, an attempt to enforce the terms of plaintiff's retirement benefit plans. As such, it is duplicative of Claims One through Four. Furthermore, this claim is preempted by ERISA to the extent that it relies on state common law to enforce an ERISA-controlled plan. *See Geller,* 86 F.3d at 22. For both reasons, defendants' motion to dismiss is granted with regard to Claim Twelve.

## VIII. Claim Thirteen: Intentional Infliction of Emotional Distress

■ Under the law of both New York and Virginia, claims for intentional infliction of emotional distress ("IIED") require a showing of "extreme and outrageous" or "outrageous and intolerable" conduct on the part of defendants.[5] *See Howell v. New York Post Company, Inc.,* 81 N.Y.2d 115, 596 N.Y.S.2d 350, 353, 612 N.E.2d 699, 702 (1993) (Kaye, C.J.) (IIED liability "has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."); *Ruth v. Fletcher,* 237 Va. 366, 368, 377 S.E.2d 412 (1989) (conduct must be so outrageous that "it offends against the generally accepted standards of decency and morality"). Both *Howell* and *Ruth* make clear that the IIED "outrageous conduct" standard is set deliberately high to assure the plaintiff's

---

**4.** Although there is no general common law, federal courts may create federal common law when necessary to effectuate the intent behind a federal statute. *See D'Oench, Duhme & Co. v. Federal Deposit Insurance Corp.,* 315 U.S. 447, 469–70, 62 S.Ct. 676, 684–85, 86 L.Ed. 956 (1942) (Jackson, J., concurring). The Supreme Court has explicitly approved the development of federal common law under ERISA. *See Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 110, 109 S.Ct. 948, 954, 103 L.Ed.2d 80 (1989). *See generally* Erwin Chemerinsky, *Federal Jurisdiction* § 6.3 at 353–355 (2d ed. 1994) (explaining the development of federal common law to effectuate congressional intent); *Hart & Wech-*

*sler's The Federal Courts and the Federal System* 752 (4th ed. 1996) (discussing the existence, sources and scope of federal common law).

**5.** It is unnecessary to decide at this point whether the law of Virginia or New York applies to plaintiff's state common law claims. As explained in Parts VIII and IX, Claims Thirteen and Fourteen must be dismissed under Rule 12(b)(6) under the law of either state. The determination of this choice-of-law question is also unnecessary to resolve defendants' motion to dismiss plaintiff's remaining state common law claim for unjust enrichment. *See* Part V, *supra.*

claim of emotional distress is genuine and to dissuade litigation where only bad manners and hurt feelings are involved. *See Howell,* 596 N.Y.S.2d at 353, 612 N.E.2d at 702; *Ruth,* 237 Va. at 368, 377 S.E.2d 412.

Plaintiff's allegations set forth in the Complaint do not rise to the level of conduct required by New York and Virginia. What is essentially a contractual dispute between Mr. Aramony and his former employers may not be transformed into an IIED claim without some specific allegation of defendants' conduct that reasonably may be deemed "atrocious," "outrageous," or "utterly intolerable" as the law requires. Having failed to state an IIED claim upon which relief may be granted, dismissal under Rule 12(b)(6) is appropriate. Defendants' motion is granted with regard to Claim Thirteen.

## IX. Claim Fourteen: Conversion

New York law recognizes an action for conversion of money, but requires the plaintiff to have "ownership, possession or control of the money" before its conversion. *Peters Griffin Woodward, Inc., v. WCSC, Inc.,* 88 A.D.2d 883, 452 N.Y.S.2d 599, 600 (1st Dep't 1982). Furthermore, under New York law, "an action for conversion cannot be validly maintained where damages are merely being sought for breach of contract." *Id.* (citing 10 N.Y.Jur., *Conversion* § 27). The parties are in dispute as to whether Virginia recognizes an action for conversion of money. However, it is clear that for a conversion action to be validly maintained under Virginia law plaintiff must first establish ownership of the property allegedly converted. *See, e.g., United Leasing Corp. et al. v. Thrift Ins. Corp. et al.,* 247 Va. 299, 305, 440 S.E.2d 902 (1994) (citation and quotation omitted); *Bader v. Central Fidelity Bank,* 245 Va. 286, 289, 427 S.E.2d 184 (1993) (citing and quoting *Buckeye Nat. Bank of Findlay, Ohio v. Huff and Cook,* 114 Va. 1, 11, 75 S.E. 769 (1912)). Furthermore, Virginia law will not allow conversion actions where damages are sought only for the breach of a contract. *See, e.g., Williams v. Melendez, Gano and Faye,* 141 Va. 370, 384, 127 S.E. 82 (1925).

Plaintiff's instant conversion action arises out of defendants' alleged "refusal to pay amounts due under the agreements at issue" and thus seeks damages only for the breach of a contract (or several contracts). Complaint ¶ 97. Furthermore, plaintiff does not allege that he controlled, owned or possessed the money that defendants' alleged converted. Thus, under the law of both New York and Virginia, plaintiff's Complaint fails to set forth a cognizable claim for conversion. Defendants' motion is granted with regard to Claim Fourteen.

## X. Leave to Amend Complaint

Rule 15(a) of the Federal Rules of Civil Procedure provides that the court should grant leave to amend "freely ... when justice so requires." The Second Circuit has noted that "[w]hen a motion to dismiss is granted, 'the usual practice is to grant leave to amend the complaint.' ... Although the decision whether to grant leave to amend is within the discretion of the district court, refusal to grant leave to amend must be based on a valid ground." *Oliver Schools, Inc. v. Foley,* 930 F.2d 248, 253 (2d Cir.1991) (quoting *Ronzani v. Sanofi S.A.,* 899 F.2d 195, 198 (2d Cir.1990) (quotations omitted)). Where the possibility exists that the defect can be cured and there is no prejudice to defendant, leave to amend at least once should normally be granted as a matter of course. *See Oliver Schools, Inc.,* 930 F.2d at 253 (2d Cir.1991); James W. Moore, *Moore's Federal Practice* ¶ 15.08[4] at 15–65 (2d ed. 1996) (citing, *inter alia, Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971)).

Given the underlying facts of this case, it is possible that plaintiffs may yet be able to plead facts sufficient to state a claim for intentional infliction of emotional distress. Defendants will not be unduly prejudiced and this action will not be unduly delayed if plaintiff amends his Complaint. Accordingly, Claim Thirteen is dismissed with leave to amend.

However, as Claims Seven and Twelve are duplicative, they may not be cured by amendment. These Claims are

therefore dismissed with prejudice. Additionally, as plaintiff cannot establish ownership, possession or control of the money defendants' allegedly converted, Claim Fourteen is also dismissed with prejudice.

### Conclusion

For the foregoing reasons, defendants' motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is partially granted. Claims Seven, Twelve, and Fourteen of plaintiff's Complaint are dismissed with prejudice. Claim Fourteen is dismissed with leave to amend. A status conference is scheduled for January 2, 1997 at 3:00 P.M.

SO ORDERED.