**KNICKERBOCKER DIALYSIS, INC., Plaintiff,**

**v.**

**TRUEBLUE, INC. previously known as Labor Ready, Inc., and First Health Group Corp., Defendants.**

**No. 08–CV–329 (ADS)(WDW).**

United States District Court, E.D. New York.

Oct. 11, 2008.

Clark Law Offices, by Robert B. Clark, Esq., of Counsel, Trumbull, CT, for Plaintiff.

Fox Rothschild, by Keith M. McMurdy, Esq., John A. Wait, Esq., of Counsel, New York, NY, for Defendants TrueBlue, Inc. and First Health Group Corp.

## MEMORANDUM OF *DECISION AND ORDER*

SPATT, District Judge.

On January 23, 2008, Knickerbocker Dialysis, Inc. ("the Plaintiff") filed this action against TrueBlue, Inc., formerly known as Labor Ready, Inc. ("Labor Ready"), and First Health Group Corporation ("First Health" or "Defendant"), alleging breach of contract. On March 24, 2008, First Health moved to dismiss the complaint under FED.R.CIV.P. 12(b)(6), on the ground that the Plaintiff's common law contract claim is preempted by the Employee Retirement Income Security Act ("ERISA").

## I. BACKGROUND

The following facts are taken from the Plaintiff's complaint. Labor Ready, a Washington State agency that places temporary employees in a number of fields, retained First Health, a Delaware corporation, to serve as the third-party administrator of Labor Ready's employee group health plan ("the plan"). Davita, Inc. ("Davita") is a corporation that provides, among other things, billing services to various dialysis centers throughout the country. The Plaintiff is the owner of a dialysis center in Garden City, New York.

On or about May 27, 2005, First Health and Davita entered into a Single Patient Agreement ("the agreement"), a contract that established the payment rate for dialysis services the Plaintiff provided to one unnamed beneficiary under the plan. Pursuant to the agreement, this patient was to receive dialysis services at a discounted rate provided that the claim was paid within a specified time. The agreement further provided that if the claim was not paid within the specified time, payments were to be paid at the Plaintiff's full customary rate. From September, 2004 through July, 2006, the Plaintiff provided dialysis services to the patient and Labor Ready was billed for those services through its agent First Health.

However, the Plaintiff alleges that Labor Ready failed to make payments on $486,189.28 owed under the terms of the agreement. On January 23, 2008, the Plaintiff filed suit against Labor Ready and First Health alleging that both parties had breached the agreement. On March 24, 2008, First Health moved to dismiss the complaint, arguing that the Plaintiff's common law cause of action for breach of contract is preempted by ERISA because the Plaintiff is seeking to recover benefits payable under an employee benefits health plan.

## II. DISCUSSION

### A. The Motion to Dismiss Standard

In considering a 12(b)(6) motion to dismiss, " '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.' " *Todd v. Exxon Corp.*, 275 F.3d 191, 198 (2d Cir.2001) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). In this regard, the Court must "accept all of the plaintiff's factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Starr v. Georgeson S'holder, Inc.*, 412 F.3d 103, 109 (2d Cir. 2005); *Desiderio v. Nat'l Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir. 1999).

A complaint should be dismissed only if it does not contain enough allegations of fact to state a claim for relief that is "plausible on its face." *Bell Atl. Corp. v.*

*Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The Second Circuit has interpreted *Twombly* to require that a complaint "allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion." *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.,* 507 F.3d 117, 121 (2d Cir.2007).

## B. ERISA Preemption

■ Congress enacted ERISA to protect the interests of beneficiaries of private retirement plans by reducing the risk of loss of pension benefits. *Geller v. County Line Auto Sales, Inc.,* 86 F.3d 18, 22 (2d Cir.1996). To that end, "ERISA established a comprehensive federal statutory program intended to control abuses associated with pension benefit plans." *Id.* In order to achieve national uniformity in the regulation of such plans, ERISA expressly preempts "any and all State laws insofar as they . . . relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a).

■ Accordingly, common law actions that "relate to" employee benefit plans are preempted by ERISA. *See Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 139, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) (quoting *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 96–97, 103 S.Ct. 2890, 77 L.Ed.2d 490 (1983)) (stating that a law "relates to" an employee benefit plan "if it has a connection with or reference to such a plan"). However, the "presumption against preemption is considerable" and "state laws of general application that merely impose some burdens on the administration of ERISA plans" should not be preempted. *Plumbing Indus. Bd., Plumbing Local Union No. 1 v. Howell Co., Inc.,* 126 F.3d 61, 67 (2d Cir.1997). As the Second Circuit has explained, the preemption provision "does not require the creation of a

fully insulated legal world that excludes these plans from regulation of any purely local transaction." *Hattem v. Schwarzenegger,* 449 F.3d 423, 430 (2d Cir.2006) (citing *Aetna Life Ins. Co. v. Borges,* 869 F.2d 142, 145 (2d Cir.1989)). To insulate plans subject to ERISA in such a way would create for those plans "a charmed existence that never was contemplated by Congress." *Id.*

## C. As to Whether the Plaintiff's Claim is Preempted

The United States Supreme Court has held that the anti-preemption presumption can be overcome where: (a) "a state law clearly refers to ERISA plans in the sense that the measure acts immediately and exclusively upon ERISA plans or where the existence of ERISA plans is essential to the law's operation"; or (b) "a state law has a clear connection with a plan in the sense that it mandate[s] employee benefit structures or their administration or provid[es] alternative enforcement mechanisms." *Howell,* 126 F.3d at 67 (internal citations and quotation marks omitted).

■ Here, First Health has not shown that the state contract laws under which the Plaintiff bases it claim "clearly refer" to ERISA. State contract law makes no express reference to ERISA. Nor does it act "immediately and exclusively" upon ERISA as common law breach of contract claims are brought in a wide range of contexts. Moreover, the existence of an ERISA plan is obviously not essential to the operation of New York contract law because such plans are not an element of a breach of contract claim. *See Grunwald v. Physicians Health Servs. of New York, Inc.,* 1998 WL 146226, at *6 (S.D.N.Y. Mar.25, 1998) (finding that New York's common laws of contract do not clearly refer to ERISA). Similarly, First Health cannot demonstrate that compliance with

New York contract law would affect the benefit structures or administration of Labor Ready's ERISA plan. *See De Buono v. NYSA–ILA Medical and Clinical Servs. Fund,* 520 U.S. 806, 814–15, 117 S.Ct. 1747, 138 L.Ed.2d 21 (1997) (holding that state laws of general applicability that do not impose such burdens on ERISA plans are not preempted).

In fact, the preemption argument offered by First Health here is similar to one that has already been rejected by the Second Circuit. In *Thrift Drug, Inc. v. Universal Prescription Administrators,* the plaintiff pharmacy brought a breach of contract action against a health plan administrator for its alleged failure to pay reimbursements under an implied contract. 131 F.3d 95, 96 (2d Cir.1997). On appeal, the defendant argued that because the plaintiff disbursed prescriptions to beneficiaries of the defendant-administered ERISA plan, the plaintiff's cause of action was actually a claim for benefits that was preempted by ERISA. In rejecting this argument, the Second Circuit held that:

> [The plaintiff], however, plainly does not represent any participants or beneficiaries of [the defendant's] benefit plan. In this simple contract cause of action, [the plaintiff] represents only itself seeking reimbursement from [the defendant] for the prescriptions [the plaintiff] dispensed. [The plaintiff's] contract claim has no effect on employee benefit structures or their administration and does not interfere with the calculation of any benefits owed to any employee. In short, it relates only to the contractual relationship between a plan and its service provider and does not remotely touch upon the relationship between the plan and its beneficiaries. Therefore, ERISA preemption is not implicated.

*Id.* at 98.

Here, as in *Thrift Drug,* the Plaintiff represents only itself seeking payments allegedly due to it as the third-party beneficiary of an agreement between Davita and First Health. The Plaintiff's claim relates only to the contractual relationship between a plan-administrator and one of its service providers and does not touch upon the relationship between Labor Ready's plan and its beneficiaries. Accordingly, ERISA preemption is not applicable in the instant case.

### III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the Defendant's motion to dismiss the Plaintiff's complaint is **DENIED.**

**SO ORDERED.**