Anthony VENTURINO, Plaintiff,

v.

FIRST UNUM LIFE INSURANCE
COMPANY, et al.,
Defendants.

No. 10 Civ. 8480(VM).

United States District Court,
S.D. New York.

July 2, 2010.

Stephane Maximilien Montas, Dehaan Busse, L.L.P., Hauppauge, NY, for Plaintiff.

Patrick Walter Begos, Begos Horgan & Brown LLP, Bronxville, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Plaintiff Anthony Venturino ("Venturino") commenced a civil action in the New York State Supreme Court, New York County (the "State Court") under New York General Business Law § 349 ("§ 349"). He alleges deceptive acts relating to the marketing and issuance of certain disability insurance policies[1] by defendants First Unum Life Insurance Company and UnumProvident Corporation (collectively, "Defendants"). By Notice of Removal dated October 6, 2009 ("Notice of Removal"), Defendants removed Venturino's action pursuant to 28 U.S.C. § 1441, stating that "[b]ecause Venturino challenges the terms of [an ERISA-governed employee benefit plan], his claim falls directly under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes." (Notice of Removal ¶ 3 (quotation marks omitted).)

At the initial conference in this matter held on May 21, 2010 (the "Initial Conference")/ Venturino asserted that the Court

---

1. The two policies at issue here are the policy relating to Venturino's association with the New York Board of Trade (the "NYBOT Policy") and the policy connected to his employment with Savant USA, LTD, (the "Savant Policy") (collectively, the "Insurance Policies"). The parties dispute whether Venturino's NYBOT Policy is governed by the Employee Retirement Income Security Act ("ERISA"), but the Court need not reach that issue to resolve the present jurisdictional dispute.

had no subject matter jurisdiction over his § 349 claim (the sole claim that he asserts), the case was therefore improperly removed, and the Court should remand it to the State Court. Venturino followed his Initial Conference argument with a letter, dated June 4, 2010 (Docket No. 9) (the "June 4 Letter"), attaching a proposed amended complaint (the "Proposed Amended Complaint").[2] The Court deems Venturino's in-court statements and the June 4 Letter as a motion for remand. On the basis of the representations and arguments made at the Initial Conference and in the above correspondence, and the Court's review of the record and applicable law, the Court GRANTS Venturino's motion.

## I. DISCUSSION

■ The burden of establishing the propriety of ERISA-based removal rests on defendants. See Grimo v. Blue Cross/Blue Shield of Vermont, 34 F.3d 148, 151 (2d Cir.1994). Defendants attempt to carry their burden by invoking the Court's jurisdiction over Venturino's claim allegedly because it is preempted by the civil enforcement provisions of ERISA Section 502(a) ("§ 502(a)").[3] Venturino, however, contends that Defendants have failed to demonstrate federal jurisdiction because no ERISA claim appears on the face of the Proposed Amended Complaint, and complete ERISA preemption does not apply to his cause of action.[4]

**2.** Defendants responded to the June 4 Letter by letter dated June 10, 2010 (Docket No. 8). On June 21, 2010, Venturino responded to that letter with a letter of his own (Docket No. 10), which was in turn addressed by Defendants in their June 23, 2010 letter (Docket No. 11).

**3.** Section 502(a)(1)(B), codified at 29 U.S.C. § 1132(a)(1)(B) ("§ 502(a)(1)(B)"), states that "[a] civil action may be brought—(1) by a participant or beneficiary ... (B) to recover

### A. THE WELL–PLEADED COMPLAINT RULE

■ Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392–93, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). It is well-settled that a case may not be removed to federal court on the basis of a federal defense, even the defense of preemption, and even if the defense is anticipated in the complaint and constitutes the only question at issue on removal. See id.; Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for So. Cal., 463 U.S. 1, 12, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). The Court is persuaded that the face of Venturino's amended pleading does not assert an ERISA claim; it does not explicitly invoke any provision of ERISA, nor does it seek to recover benefits due him, to clarify rights to future benefits, or to enforce his rights "under the terms" of the Insurance Policies. § 502(a)(1)(B). In consequence, on its face, the Proposed Amended Complaint appears pleaded entirely under state law, seeking relief solely under § 349 for allegedly deceptive practices.

### B. COMPLETE PREEMPTION

■ Even if the face of the Proposed Amended Complaint does not confer jurisdiction on the Court under the well-plead-

benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plant[.]"

**4.** The parties agree that they are not diverse and that their dispute does not meet the threshold jurisdictional amount for original jurisdiction to exist in this Court pursuant to 28 U.S.C. § 1332.

ed complaint rule, Defendants' removal would be proper if "complete preemption" applies. The doctrine of complete preemption, which applies only under Congressional mandate in specific areas of law, provides an exception to the well-pleaded complaint rule. *See Metropolitan Life Ins. Co. v. Taylor,* 481 U.S. 58, 63–64, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987) ("One corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area that any civil complaint raising this select group of claims is necessarily federal in character."). Under the doctrine of complete preemption, even if a federal claim does not appear on the face of the pleading, "[a]ny civil complaint raising a state law claim in [a completely preempted] area of law is of necessity so federal in character that it arises under federal law for purposes of 28 U.S.C. § 1331 and permits removal to federal court under 28 U.S.C. § 1441." *Plumbing Industry Bd. v. Howell,* 126 F.3d 61, 66 (2d Cir.1997).

■■■■■ the principles of ERISA complete preemption, in brief, a defendant may validly remove a case if two conditions are met: (1) the state law cause of action is preempted by ERISA, and (2) that claim falls "within the scope" of the civil enforcement provisions of ERISA § 502(a) ("§ 502(a)"). *See Taylor,* 481 U.S. at 64–66, 107 S.Ct. 1542; *Howell,* 126 F.3d at 66; *Greenblatt v. Delta Plumbing & Heating Corp.,* 68 F.3d 561, 573 (2d Cir.1995). Thus, for complete preemption to apply, supporting removal and enabling the Court to exercise jurisdiction, Defendants must show not only that ERISA preempts Venturino's § 349 cause of action, but that the claim is of the type contemplated under ERISA's civil action scheme. *See Toumajian v. Frailey,* 135 F.3d 648, 654 (9th Cir.1998).

### 1. ERISA Preemption

■ According to its preemption clause: "[ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." ERISA § 514(a), codified at 29 U.S.C. § 1144(a). "A state common law action which merely amounts to an alternative theory of recovery for conduct actionable under ERISA is preempted." *Diduck v. Kaszycki & Sons Contractors Inc.,* 974 F.2d 270, 288 (2d Cir.1992). ERISA's preemption provision does not, however, foreclose every state action that affects ERISA plans. *See, e.g., Geller v. County Line Auto Sales, Inc.,* 86 F.3d 18, 23 (2d Cir.1996) ("The plaintiffs' common law fraud claim, which seeks to advance the rights and expectations created by ERISA, is not preempted simply because it may have a tangential impact on employee benefit plans."); *Connecticut General Life Ins. v. Pataki,* No. 93 Civ. 3648, 1997 WL 128492, at *4 (S.D.N.Y. Mar. 19, 1997) (finding no preemption because "the [ERISA-governed] plan [is] only the context in which this garden variety [state law cause of action] . . . occurred").

■ The claim at issue in this case is not a traditional ERISA dispute—it is not an action brought by an employee to recover benefits, enforce rights, or clarify the entitlements under the terms of a qualifying plan, or by a trustee of an ERISA plan to ensure the proper administration or redress violations of the provisions of an ERISA plan, nor does it affect how qualifying plan benefits are calculated or paid. *See Raff v. The Travelers Ins. Co.,* No. 90 Civ. 7673, 1997 WL 473282, at *2 (S.D.N.Y. May 28, 1997). Here, Defendants agree that Venturino is disabled within the meaning of the Insurance Policies. (*See* Proposed Amended Complaint ¶¶ 30–31.) Further, Venturino does not

contest that the terms of those contracts contain offsets that preclude him from the recovery he now seeks and that they also limit his disability payments to a twenty-four-month period. (*See id.*) Rather, the issue at the core of this litigation concerns Defendants' alleged deception in marketing and issuing a policy with such an offset that causes an insured person to pay premiums without getting what he bargained for in return (*i.e.,* the ability to be compensated for a fixed amount of time should he become disabled). (*See, e.g., id.* ¶ 52 ("As a result of the deceptive marketing and issuance of the NYBOT Policy, as well as for accepting premiums under the NYBOT Policy with absolutely no intention of actually paying the full benefits advertised under said Policy due to the [offset provision,] Defendants have committed deceptive acts and practices ....").) Thus, the Court finds that, were this litigation to proceed here, its task would not be to interpret the terms of a qualifying plan, or to adjudicate an entitlement to benefits under an ERISA plan. Instead, the Court would be called to preside over a determination of whether Defendants' practices in marketing and issuing the Insurance Policies constituted deception under § 349. Therefore, even if the Court were to rule that the NYBOT Policy were governed by ERISA, the Insurance Policies in this case serve only as a backdrop to the underlying dispute. In a material respect they form just the context for an ordinary consumer protection suit that does not rely upon ERISA as a source of the substantive remedy Venturino seeks by this litigation. Accordingly, Defendants have not carried their burden to establish the second prong of complete preemption here.

### 2. *ERISA'S Civil Enforcement Provisions*

Even if the Defendants were able to raise ERISA preemption as a successful defense to Venturino's claim, such preemption would not suffice to confer jurisdiction on this Court. Under the second prong of the complete preemption analysis, "[o]nly if the complaint asserts a state law claim that can be reasonably characterized as a claim under any of ERISA's civil enforcement provisions can the action be properly removed." *Toumajian,* 135 F.3d at 654 (*citing Metropolitan Life,* 481 U.S. at 66, 107 S.Ct. 1542). As this Court has stated:

> This added hurdle serves a gatekeeper function, to ensure that federal courts do not import through the backdoor of removal jurisdiction causes of action that truly arise under state common law, or federal defenses over which state courts may properly exercise authority, thereby protecting against unwarranted federal intrusion into the judicial province of the states. The standard thus underscores that preemption does not equate to divestment—that is, to stripping state courts of all jurisdiction to adjudicate controversies that may implicate some aspect of federal law.

*Atlantis Health Plan, Inc. v. Local 713, I.B.O.T.U.,* 258 F.Supp.2d 284, 294 (S.D.N.Y.2003) (*citing Romney v. Lin,* 105 F.3d 806, 812 (2d Cir.1997)).

ERISA's civil enforcement provisions, set forth in § 502(a), formulate a specific remedial scheme and prescribe a detailed but limited list of civil actions contemplated under the statute. In this case, Venturino's § 349 claim, properly understood, does not fall within any of § 502(a)'s specific civil actions or remedies. None of the civil actions enumerated in § 502(a) contemplates a consumer protection dispute such as that presented here seeking damages because of alleged deceptive practices in the marketing and issuance of insurance polices. Venturino's state law statutory cause of action does not seek to redress violations of rules that ERISA's civil en-

forcement provisions were designed to remedy. Accordingly, because the second prong of the doctrine of complete preemption is clearly not satisfied here, the Court concludes that Venturino's § 349 deceptive act claim does not fit within the scope of ERISA's civil-enforcement provisions and is thus not subject to removal pursuant to 28 U.S.C. § 1441.

The Court concludes that Defendants have failed to carry their burden to establish that the Court has jurisdiction over Venturino's sole claim in this case. Thus, this action must be remanded to the State Court.

## II. *ORDER*

For the reasons stated above, it is hereby

**ORDERED** that the Clerk of the Court is directed to remand this case to the New York State Supreme Court, New York County.

The Clerk of the Court is directed to terminate any pending motions and to close this case.

**SO ORDERED.**