**Bonnie CICIO, individually and as Administratrix of the Estate of Carmine Cicio, Plaintiff–Appellant,**

v.

**John DOES 1–8, Defendants,**

**Vytra Healthcare, and Brent Spears, M.D., Defendants–Appellees.**

No. 01–9248.

United States Court of Appeals, Second Circuit.

Argued: June 20, 2002.

Final Submission: Aug. 13, 2004.

Decided: Sept. 23, 2004.

David L. Trueman, Mineola, NY, for Plaintiff–Appellant.

Michael H. Bernstein, Sedgwick, Detert, Moran & Arnold, LLP (Colleen A. Tan, of counsel), New York, NY, for Defendants–Appellees.

Harold N. Iselin, Greenberg Traurig, LLP (Hank M. Greenberg, of counsel), Albany, NY, submitted a brief for Amicus Curiae New York Health Plan Association of New York, Inc.

John N. Ekdahl, General Counsel, American Medical Association (Donald R. Moy, of counsel), Chicago, IL, submitted a brief for Amici Curiae American Medical Association and Medical Society of the State of New York.

Before: CALABRESI, SACK, and B.D. PARKER, Circuit Judges.

PER CURIAM.

Our previous decision reversing in part the judgment of the United States District Court for the Eastern District of New York (Joanna Seybert, *Judge*) dismissing the plaintiff's complaint, and remanding for further proceedings, is vacated and the judgment of the district court is affirmed.

We previously affirmed the district court's disposition of the timeliness and misrepresentation claims, but vacated its resolution of the medical malpractice claims brought under the law of the State of New York and remanded the case to the district court for further proceedings. *Cicio v. Vytra Healthcare*, 321 F.3d 83, 106 (2d Cir.2003). After we published our opinion, the appellees filed a timely petition for a writ of certiorari with the United States Supreme Court, and we stayed the issuance of a mandate pending the Supreme Court's review of their petition. On June 28, 2004, the Supreme Court granted

appellees' petition and remanded the matter to this Court for further review in light of its decision in *Aetna Health Inc. v. Davila*, 542 U.S. ——, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004). *Vytra Healthcare v. Cicio*, 542 U.S. ——, 124 S.Ct. 2902, 159 L.Ed.2d 808 (2004). We then directed the parties to submit supplemental letter briefs on the issue of whether *Aetna Health Inc.* required a different result. The parties have briefed the issue, and after consideration of their arguments, we vacate our previous decision and affirm the judgment of the district court in its entirety.

## DISCUSSION

The facts of this case are set forth in detail in our earlier opinion. We need not rehearse them here.

In *Aetna Health Inc.*, the Supreme Court declared that "any state-law cause of action that duplicates, supplements, or supplants the [Employee Retirement Income Security Act of 1974 ("ERISA")] civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." 124 S.Ct. at 2495. "Congress' intent to make the ERISA civil enforcement mechanism exclusive would be undermined if state causes of action that supplement the ERISA § 502(a) remedies were permitted, even if the elements of the state cause of action did not precisely duplicate the elements of an ERISA claim." *Id.* at 2499–2500.

*Aetna Health Inc.* fatally undermines our reasoning in the panel decision in *Cicio*. ERISA § 502(a)(1)(B), codified as 29 U.S.C. § 1132(a)(1)(B), provides that "[a] civil action may be brought ... by a participant [in] or beneficiary [of a plan such as that in issue in this case] ... to recover benefits due to him under the terms of his plan, to enforce his rights under the terms

of the plan, or to clarify his rights to future benefits under the terms of the plan." The state-law malpractice claim that the appellant sought to bring against Dr. Spears would have, in effect, supplemented such a remedy by providing, had it succeeded, compensation beyond the value of the services to which the plaintiff thought herself entitled and consequential and perhaps punitive damages. And, at least theoretically, "[u]pon the denial of benefits, [the plaintiff's decedent] could have paid for the treatment [Dr. Samuel had prescribed] ... and then sought reimbursement through a § 502(a)(1)(B) action, or sought a preliminary injunction" to require Vytra Healthcare to pay for the required care in advance. *Id.* at 2497.

Neither of the defendants was actually providing medical care to Mr. Cicio. It follows that the plaintiff's state malpractice claim was completely preempted by ERISA. *See Land v. Cigna Healthcare of Fla.*, 381 F.3d 1274, 1275 (11th Cir.2004) (per curiam) (concluding that ERISA preempted plaintiff's claim against the defendant based on its decision to authorize outpatient rather than inpatient treatment because, although the decision was a "mixed" decision of eligibility and treatment, the defendants were "[n]either the injured party's treating physicians [n]or the employers of the injured party's treating physicians"). The district court therefore did not err in dismissing it.

## CONCLUSION

Accordingly, we vacate our previous decision in this matter and affirm the district court's dismissal of Ms. Cicio's complaint.