Eric RUBIN–SCHNEIDERMAN,
Plaintiff–Appellant,

v.

MERIT BEHAVIORAL CARE CORP., Sati Ahluwalia, M.D., and Empire Blue Cross and Blue Shield, Defendants–Appellees.

No. 03–9111–CV.

United States Court of Appeals, Second Circuit.

Jan. 31, 2005.

Whitney North Seymour, Jr., New York, NY, for Plaintiff–Appellant.

1. The Honorable Richard K. Eaton, Judge, United States Court of International Trade,

Jonathan K. Cooperman, Kelley, Drye & Warren LLP, New York, NY, for Defendants–Appellees Merit Behavioral Care Corp. and Sati Ahluwalia.

Daly D.E. Temchine, Epstein Becker & Green, P.C., Washington, DC, for Defendant–Appellee Empire Blue Cross and Blue Shield.

Present: STRAUB, KATZMANN, Circuit Judges, and EATON, Judge.[1]

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby **AFFIRMED** in part and **REMANDED** in part.

Plaintiff–Appellant Eric Rubin–Schneiderman appeals from the November 13, 2001 opinion and order of the United States District Court for the Southern District of New York (John S. Martin, Jr., *Judge*) dismissing his complaint, as well as the August 27, 2003 opinion and order of that court adhering to its earlier dismissal. We assume familiarity with the facts of this case and its procedural context.

■ The parties do not dispute that *Aetna Health Inc. v. Davila,* 542 U.S. 200, 124 S.Ct. 2488, 159 L.Ed.2d 312 (2004), and *Cicio v. Does,* 385 F.3d 156 (2d Cir.2004), require us to affirm the District Court's holding that Plaintiff's common-law negligence claims are preempted by ERISA. Accordingly, we affirm that part of the District Court's dismissal.

We also affirm the District Court's dismissal of Plaintiff's claim for a penalty under ERISA § 502(c), inasmuch as

sitting by designation.

ERISA does not provide for a penalty in this type of situation. *See* 29 U.S.C. § 1132(c)(1) (limiting its application to information "required by *this subchapter* to furnish") (emphasis added); *Bd. of Trs. of the CWA/ITU Negotiated Pension v. Weinstein*, 107 F.3d 139, 143 (2d Cir.1997) (holding that 29 U.S.C. § 1024(b)(4)'s reference to "other instruments under which the plan is established or operated" encompasses formal or legal documents under which a plan is set up or managed, not "all documents by means of which the plan conducts operations").

■ Finally, as to Plaintiff's request to amend his complaint to assert a fiduciary duty claim under ERISA § 502(a)(3), we note that Plaintiff raised a fiduciary duty claim under ERISA §§ 502(a)(1)(B) and 502(a)(2) in his Amended Complaint and referred to ERISA § 502(a)(3) in his "wherefore" clause. We also note Justice Ginsburg's statement in her concurrence in *Davila* that § 502(a)(3) may "'allo[w] at least some forms of "make-whole" relief against a breaching fiduciary.'" 124 S.Ct. at 2504 (quoting Brief for United States as Amicus Curiae at 27–28 n. 13). Accordingly, we remand this case to the District Court for further consideration of Plaintiff's attempt at amendment of his complaint to assert a claim under ERISA § 502(a)(3).

Accordingly, the judgment of the District Court is hereby **AFFIRMED** in part and **REMANDED** in part.