**Barry ENGLER, Plaintiff,**

**v.**

**CENDANT CORPORATION, and International Business Machines Corporation, Defendants.**

**No. 04–CV–05215 (ADS)(MLO).**

United States District Court, E.D. New York.

Aug. 6, 2005.

Hoffinger Stern & Ross, LLP by Philip S. Ross, Esq., New York City, for Plaintiff.

Grotta, Glassman & Hoffman, P.C. by David M. Wirtz, Esq., and Joanne Skolnick, Esq., New York City, for defendant Cendant Corporation.

Quinn Emanuel Urquhart Oliver & Hedges, LLP by Peter E. Calamari, Esq., New York City, for defendant International Business Machines Corporation.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Barry Engler ("Engler" or the "Plaintiff") filed this action in New York State Supreme Court, Nassau County, against two of his former employers, Cendant Corporation ("Cendant") and International Business Machines Corporation ("IBM"), alleging fraudulent inducement, negligent misrepresentation, and breach of contract. Cendant removed the action to this Court, pursuant to 28 U.S.C. § 1441, stating that the Plaintiff had asserted claims for employee benefits governed by the Employee Retirement Income Security Act

("ERISA"). Cendant and IBM then moved for dismissal of the complaint under Federal Rule of Civil Procedure 12(b)(6), on the ground that Engler's common law claims are preempted by ERISA.

## I. BACKGROUND

Engler was employed by Cendant and its predecessor Avis from 1976 to 2002, a period of more than twenty-five years. On December 17, 2001, Engler received a letter from IBM extending to him an offer of employment with IBM Global Services ("IBM Offer of Employment"). The complaint alleges, upon information and belief, that the IBM Offer of Employment was part of an outsourcing agreement between IBM and Cendant in which certain Cendant employees were offered employment with IBM.

In conjunction with the offer of employment, Engler received a letter from Cendant advising him of special considerations that Cendant and IBM agreed he would be entitled to if he accepted the IBM offer of employment. In the letter, dated December 21, 2001, stated that "IBM will recognize all service credit that is recognized by Cendant today for all purposes including eligibility and vesting in an IBM pension plan." Compl. Ex. 4. The letter also references the outsourcing agreement between Cendant and IBM. On December 26, 2001, allegedly based upon the representations contained in the letters from Cendant and IBM, Engler accepted employment with IBM.

On February 11, 2002, Engler commenced employment with IBM. On the same day, Engler received a letter from Cendant that congratulated him on his new opportunity with IBM and stated that "should IBM terminate your employment other than for 'Cause' during the first 24 months following your employment with IBM, you shall receive severance pay from IBM under the greater of the severance pay plans (Cendant or IBM) based on combined credited service." Compl. Ex. 4. On March 26, 2002, Engler entered into an Agreement and General Release not to sue Cendant. In consideration for the Release, Cendant stated that there were "several benefits that Cendant and IBM have worked together to make available to you." Compl. Ex. 4. The letter went on to list benefits such as salary, a profit sharing bonus, stock options, health, welfare, and pension benefits, and severance pay.

On May 3, 2004, more than two years after beginning employment at IBM, Engler received a notice that his employment would be terminated as of June 2, 2004. Attached to the notice of termination was the IBM Global Service Delivery Resource Action Summary Plan Description, which states that the Plan was subject to ERISA. Engler inquired about the severance plan referred to in the February 11, 2002 letter from Cendant and IBM advised him that it was not applicable because his termination occurred more than two years after his initial employment date with IBM.

As to the benefits that Engler was entitled to at the time of his termination, the Plaintiff alleges that IBM failed to recognize his service at Cendant for purposes of calculating the amount of his severance and health benefits. Engler alleges that IBM offered him four weeks severance and three months transition medical benefits, which were conditioned upon Engler signing a General Release and Covenant Not to Sue IBM. Engler contends that if IBM had included his service with Cendant, he would have been entitled to twenty-six weeks severance and one year of transition medical benefits.

Engler did not sign the IBM General Release and Covenant Not to Sue and IBM denied Engler severance and medical

benefits. Instead, Engler commenced this law suit alleging New York State common law causes of action against Cendant for fraudulent inducement, negligent misrepresentation, and breach of contract. The complaint states no cause of action against IBM, but demands $50,000 from IBM and $100,000 from Cendant. After removing the case to this Court, IBM and Cendant both moved to dismiss, pursuant to Rule 12(b)(6), arguing that the Plaintiff's state law causes of action are preempted by ERISA.

## II. DISCUSSION

### A. The Motion to Dismiss Standard

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court should dismiss the complaint only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief. *King v. Simpson*, 189 F.3d 284, 286 (2d Cir.1999); *Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996). The Court must accept all well-pled factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Koppel v. 4987 Corp.*, 167 F.3d 125, 127 (2d Cir. 1999); *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir.1997). The issue is not whether the plaintiff will ultimately prevail but whether the plaintiff is entitled to offer evidence to support the claims. *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir.1995).

### B. ERISA Preemption

Congress enacted ERISA as a remedial statute to protect the interests of the beneficiaries of private retirement plans by reducing the risk of the loss of pension benefits. *Geller v. County Line Auto Sales, Inc.*, 86 F.3d 18, 22 (2d Cir.1996). "ERISA established a comprehensive federal statutory program intended to control abuses associated with pension benefit plans." *Id.* In order to achieve national uniformity in the regulation of such plans, ERISA expressly preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." covered by the statute. 29 U.S.C. § 1144(a).

Accordingly, common law actions that "relate to" employee benefit plans are preempted by ERISA. *See Cicio v. John Does 1–8*, 385 F.3d 156, 158 (2d Cir.2004); *Kennedy v. Empire Blue Cross and Blue Shield*, 989 F.2d 588, 591 (2d Cir.1993) (stating that ERISA preempts state law contract claims pertaining to the denial of benefits under employee benefit plans); *Smith v. Dunham–Bush, Inc.*, 959 F.2d 6, 9 (2d Cir.1992) (holding that a state law of general application "relates to" pension plan for preemption purposes, although it had only an indirect effect on the plan). In other words, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004); *see also Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 143–145, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990).

Both defendants in this case argue that the Plaintiff has alleged state law causes of action that are preempted by ERISA because the claims relate to the IBM ERISA plan. The Court will now discuss whether the claims against each defendant are preempted by ERISA.

### 1. As to the Claims against IBM

Initially, the Court notes that the complaint fails to specify any cause of ac-

tion against IBM. Each of the four causes of action in the complaint state that they are only against Cendant. However, the complaint demands damages from IBM as well as Cendant. Federal Rule of Civil Procedure 8(a)(2) states that a complaint must include only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Here, the complaint gives no notice to IBM as to the nature of the causes of action and as to what relief the Plaintiff seeks against that entity. The complaint only states that it is seeking relief from Cendant. This ground, by itself, is sufficient to warrant dismissal of the complaint against IBM.

Even with the deficiency in the pleading, the Plaintiff's complaint clearly seeks benefits under an ERISA plan. In this regard, the materials the Plaintiff attached to the complaint expressly state that ERISA applies to such claim. In addition, it is well-settled that civil actions against employers for employee benefits that are predicated on common law contract principles are generally preempted by ERISA. *Devlin v. Transportation Communs. Int'l Union*, 173 F.3d 94, 101 (2d Cir.1999); *Reichelt v. Emhart Corp.*, 921 F.2d 425, 431 (2d Cir.1990). In determining whether ERISA preempts a state-law cause of action, "the queries are (a) whether the contract claim asserted is related to an employee benefit plan, and, if so, (b) whether there is an exception under ERISA that precludes pre-emption of the state law [claim]." *Devlin*, 173 F.3d at 101.

The claim that appears to be most applicable to IBM in the complaint is the breach of contract claim. The common law contract claim at issue in this case clearly relates to an employment benefit plan because it challenges IBM's calculation of the Plaintiff's entitlement to benefits under the plan. "Resolution of the claim would necessarily involve interpreting the plan, its design, and ERISA." *Id.; see also Smith v. Dunham–Bush, Inc.*, 959 F.2d 6, 10 (2d Cir.1992) (stating that "the oral representation underlying this suit deals expressly and exclusively with the appellant's benefits"). The basis for the Plaintiff's claim of common law breach of contract is that the defendants failed to perform the terms of an agreement to credit service under an ERISA plan. Accordingly, the Court finds that the claim for common law breach of contract "relates to" the ERISA plan and is preempted by ERISA. For this additional reason, the motion by IBM to dismiss the complaint is granted.

**2. As to the Claims against Cendant**

■ Turning to the claims asserted against Cendant, when considering whether ERISA preemption applies, the Court is mindful that it must look closely at the factual nature of the claims rather than the state law label that has been applied by the plaintiff. *See Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 379 (4th Cir.2001); *Boston Children's Heart Found., Inc. v. Nadal–Ginard*, 73 F.3d 429, 439–40 (1st Cir.1996) ("The inquiry into whether a state law 'relates to' an ERISA plan or is merely 'tenuous, remote, or peripheral' requires a court to look at the facts of [a] particular case."). The claims of fraudulent inducement, negligent misrepresentation, and breach of contract at issue all seek relief on the basis of Engler's reliance in changing employment from Cendant to IBM. The Plaintiff argues

that the claims against Cendant are not preempted since they do not seek damages under a Cendant ERISA plan. On the other hand, Cendant argues that the existence of IBM's ERISA plan necessarily preempts any state-law claim that the Plaintiff may have against Cendant.

The Court is not persuaded by either argument. Engler may have a cause of action under either ERISA or state-law depending on several circumstances that are not clearly outlined in the Plaintiff's complaint. While it is clear that Engler's claim against IBM is preempted under ERISA, it is unclear at this early stage in the litigation whether Cendant was acting as an ERISA fiduciary when it informed Engler that IBM would credit his time served under the alleged outsourcing agreement between IBM and Cendant. If this were the case, the Plaintiff's claim would certainly be preempted under ERISA since he could bring an ERISA action against Cendant for misrepresentation or breach of fiduciary duty. *See Mullins v. Pfizer, Inc.*, 23 F.3d 663, 669 (2d Cir.1994); *see, e.g., Hooven v. Exxon Mobil Corp.*, 2004 WL 724496, at *14–16, 2004 U.S. Dist. LEXIS 5484, at *43–44 (E.D.Pa. 2004).

On the other hand, if Cendant was not acting as a fiduciary under an ERISA plan when it allegedly advised the plaintiff, it is conceivable that the Plaintiff could maintain a state law cause of action for fraud, misrepresentation, or breach of contract. Similar state law claims against former employers have been permitted where the Plaintiff is not seeking damages under an ERISA plan. *See, e.g., Lam v. American Express Co.*, 265 F.Supp.2d 225, 232 (S.D.N.Y.2003).

With these two possible avenues of relief for the Plaintiff in mind, the Court is aware that the existence or non existence of an ERISA remedy is not the test of whether a state cause of action is preempted. "[T]he availability of a federal remedy is not a prerequisite for federal preemption." *Lister v. Stark*, 890 F.2d 941, 946 (7th Cir.1989). The Supreme Court has noted that "the policy choices reflected in the inclusion of certain remedies and the exclusion of others under the federal scheme would be completely undermined if ERISA-plan participants and beneficiaries were free to obtain remedies under state law the Congress rejected in ERISA." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 54, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); *see also Bernatowicz v. Colgate–Palmolive Co.*, 785 F.Supp. 488, 494 (D.N.J.1992). As previously stated in this order, the test is whether the state law cause of action "relates to" ERISA, which can be inferred if the state-law claim "duplicates, supplements, or supplants the ERISA civil enforcement remedy ...." *Aetna Health*, 124 S.Ct. at 2495.

Here the allegations in the complaint seek damages for the loss of severance pay and health benefits, which are two forms of employee benefits routinely governed by ERISA. In addition, in order to determine whether Cendant is liable for making a false representation, the Court would be required to inquire as to Engler's status under the IBM ERISA plan. Moreover, the Court would need to determine whether the alleged outsourcing agreement between Cendant and IBM affected, fell under, or was separate and apart from the IBM ERISA plan. All of these determinations sufficiently "relate to" the ERISA plan so as to find ERISA preemption.

Furthermore, the state-law claims that the Plaintiff seeks to bring against Cendant would, in effect, supplement an ERISA remedy by providing compensation beyond the value of the services to which the Plaintiff believes he is entitled to. The additional damages the Plaintiff could be

entitled to would include consequential and punitive damages. For all these reasons, the Court finds that the Plaintiff's state law causes of action are preempted and dismisses the claims against Cendant under Rule 12(b)(6).

## C. Leave to Amend

█ When dismissing a case under Rule 12(b)(6), leave to amend is generally freely granted unless it appears that "the substance of the claim pleaded is frivolous on its face . . . ." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citing *Moorish Science Temple of Am., Inc. v. Smith*, 693 F.2d 987, 990 (2d Cir.1982)). As stated above, Engler may have a cause of action against IBM under ERISA, and therefore the Court grants Engler's request to amend his complaint with regard to IBM.

Cendant argues that granting the Plaintiff leave to add a claim under ERISA would be futile because it is not a fiduciary under the IBM ERISA plan. The Court disagrees. The substance of the allegations in the complaint could support an ERISA claim against Cendant for misrepresentation or breach of fiduciary duty. There is a split among the circuit courts on the issue of whether a plaintiff may assert the type of claim that the Plaintiff seeks, namely one that essentially says " 'but for' Defendants' wrongful actions, [he] would have been entitled to the additional benefits under the plan." *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1158 (10th Cir.2004).

The Second Circuit, as well as other circuits, have permitted claims where the plaintiff seeks to show that "but for" the misrepresentation, the Plaintiff would have been a "participant" in an ERISA plan. *Mullins v. Pfizer, Inc.*, 23 F.3d 663, 667 (2d Cir.1994); *see also Abraham v. Norcal Waste Sys.*, 265 F.3d 811, 824–25 (9th Cir. 2001); *Meinhardt v. Unisys Corp.*, 74 F.3d

420, 443 (3d Cir.1996); *Swinney v. Gen. Motors Corp.*, 46 F.3d 512, 518–19 (6th Cir.1995); *Adamson v. Armco, Inc.*, 44 F.3d 650, 654–55 (8th Cir.1995); *Vartanian v. Monsanto Co.*, 14 F.3d 697, 702–03 (1st Cir.1994); *Bixler v. Central Pa. Teamsters Health & Welfare Fund*, 12 F.3d 1292, 1300 (3d Cir.1993); *Christopher v. Mobil Oil Corp.*, 950 F.2d 1209, 1220–21 (5th Cir.1992). *But see Felix*, 387 F.3d at 1158 (noting the split in the circuit courts); *Raymond v. Mobil Oil Corp.*, 983 F.2d 1528, 1535 (10th Cir.1993); *Sanson v. Gen. Motors Corp.*, 966 F.2d 618, 619 (11th Cir. 1992); *Mitchell v. Mobil Oil Corp.*, 896 F.2d 463, 466 (10th Cir.1990); *Stanton v. Gulf Oil Corp.*, 792 F.2d 432, 433 (4th Cir.1986); *Sanson v. General Motors Corp.*, 966 F.2d 618, 619 (11th Cir.1992).

The Court also notes that the substance of the allegations in the complaint could support a possible claim under state law, but only if it is not related to a claim for benefits under an ERISA plan. *See, e.g., Lam v. American Express Co.*, 265 F.Supp.2d 225, 232 (S.D.N.Y.2003). In sum, from the substance of the allegations it appears that a claim against Cendant under either theory may not be frivolous. Therefore, the Court will permit the Plaintiff to also amend his complaint against Cendant.

## III. CONCLUSION

Based on all the foregoing, it is hereby

**ORDERED,** that the defendants' motion to dismiss the complaint in its entirety is granted; and it is further

**ORDERED,** that the complaint is **DISMISSED** without prejudice; and it is further

**ORDERED,** that the Plaintiff is **GRANTED** leave to file an amended com-

plaint within 30 days of the date of this order;

**SO ORDERED.**