Arthur **DAPONTE,** deceased, **Marcia DaPonte,** individually, and as administratrix of the estate of Arthur DaPonte, deceased, Plaintiffs–Appellees,

v.

**MANFREDI MOTORS INC., Manfredi Management Corp., Staten Island Motors Inc., Manfredi Auto Central, LLC, Nicholas "Nick" Manfredi,** individually and in his official capacity, and **Corrado "Joe" Manfredi,** individually and in his official capacity, Defendants–Appellants.

Docket No. 04–5495.

United States Court of Appeals, Second Circuit.

Sept. 15, 2005.

Mark W. Gaffney, Bellavia Gentile & Associates, LLP, Mineola, New York, for Appellants.

Victoria Quesada, Quesada & Moore, LLP, West Hempstead, New York, for Appellees.

Present: McLAUGHLIN, RAGGI, Circuit Judges, and RAKOFF, District Judge.[1]

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on September 17, 2004, dismissing plaintiffs-appellees' state-law tort claims, is hereby AFFIRMED.

Plaintiffs-appellees Arthur and Marcia DaPonte[2] sued defendants-appellants for disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.;* New York State Executive Law § 290 *et seq.;* and New York City Administrative Code § 8–101 *et seq.,* as

---

2. The case captions on the parties' briefs also list "Tarrisa DaPonte" as a plaintiff-appellee in this action. Tarissa DaPonte is not named as a plaintiff in the Verified Amended Complaint, nor is she identified as a plaintiff in the district court's judgment on appeal before this court. Accordingly, our decision omits any mention of Tarissa DaPonte, and we hereby instruct the Clerk of Court to remove her name from the official caption.

well as for fraudulent misrepresentation, negligent misrepresentation, and loss of consortium under New York tort law. Plaintiffs sought injunctive relief and monetary damages. After awarding summary judgment in defendants' favor on the disability claims, the district court declined to exercise supplemental jurisdiction over plaintiffs' tort claims, *see* 28 U.S.C. § 1367, dismissing these claims without prejudice to plaintiffs pursuing them further in state court.

■ On appeal, defendants challenge only the latter ruling, arguing that the district court erred as a matter of law in rejecting their argument that the tort claims were completely preempted by the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 *et seq.* We review for an abuse of discretion the district court's decision not to exercise supplemental jurisdiction, *see Correspondent Servs. Corp. v. First Equities Corp.*, 338 F.3d 119, 124 (2d Cir.2003) (citing *Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir.1994)); *accord Marcus v. AT&T Corp.*, 138 F.3d 46, 57 (2d Cir.1998), but we review *de novo* its underlying ruling as to ERISA preemption, *see Devlin v. Transportation Commc'ns Int'l Union*, 173 F.3d 94, 98 (2d Cir.1999); *cf. Dabit v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 395 F.3d 25, 31 (2d Cir.2005). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

A state-law claim may implicate federal-question jurisdiction "when a federal statute wholly displaces the state-law cause of action through complete pre-emption." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8, 123 S.Ct. 2058, 156 L.Ed.2d 1 (2003); *accord Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S.Ct. 2488, 2494–95, 159 L.Ed.2d 312 (2004) (holding that

ERISA completely preempts certain state-law causes of action). This court has previously ruled that "[c]omplete preemption with respect to ERISA ... has two prerequisites": (1) that "the cause of action is based on a state law that is preempted by ERISA," sometimes referred to as "conflict preemption"; and (2) that "the cause of action is within the scope of the civil enforcement provisions of ERISA § 502(a), 29 U.S.C. § 1132(a)." *Cicio v. Does 1–8*, 321 F.3d 83, 92–93 (2d Cir.2003) (internal quotation marks and citation omitted) (*"Cicio I"*), *vacated sub nom., Vytra Healthcare v. Cicio*, 542 U.S. 933, 124 S.Ct. 2902, 2902, 159 L.Ed.2d 808 (2004), *aff'd in part and rev'd in part on remand, Cicio v. Does 1–8*, 385 F.3d 156, 158 (2d Cir.2004) (*per curiam*) (*"Cicio II"*). Defendants fail to demonstrate that plaintiffs' tort claims satisfy either of these two conditions.

In discussing conflict preemption, *Cicio I* noted that " 'ERISA preempts state common law claims of fraudulent or negligent misrepresentation when the false representations concern the existence or extent of benefits under an employee benefit plan.' " 321 F.3d at 96 (quoting *Griggs v. E.I. DuPont de Nemours & Co.*, 237 F.3d 371, 378 (4th Cir.2001)). There, the plaintiff alleged that the HMO defendant, which also served as the ERISA plan administrator, misrepresented crucial terms in the plan, such as "medical necessity," which materially affected the extent of plaintiff's coverage under the plan. Here, in sharp contrast, plaintiffs do not allege that defendants made any misrepresentations regarding "the existence or extent of benefits *under an employee benefit plan.*" *Id.* (emphasis added). Plaintiffs simply allege that "ARTHUR DAPONTE, relied to his detriment, upon the [defendants'] misrepresentation that *medical coverage* would begin within ninety (90) days after the

commencement of employment," but that, "[a]fter the ... ninety (90) days of employment, defendants failed to provide plaintiff ARTHUR DAPONTE with the *medical benefits* as promised." Compl. ¶¶ 56–57 (emphasis added).

Defendants submit that any misrepresentation about "medical coverage" is necessarily a misrepresentation about benefits under an ERISA plan. The argument is unconvincing because it wrongly assumes that an ERISA plan is the exclusive vehicle by which an employer may provide medical benefits to an employee. In any event, as we recognized in *Geller v. County Line Auto Sales, Inc.*, an ERISA plan may provide contextual background for a "garden variety fraud" without triggering preemption where, as here, the fraud claim "does not rely on the [ERISA] plan's operation or management." 86 F.3d 18, 22–23 (2d Cir.1996). In such circumstances, "allowing the plaintiffs to pursue their common law ... claim[s] would in no way compromise" ERISA's purpose: "to protect the interests of participants and beneficiaries of employee benefit plans." *Id.* (citing *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 137, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990)).

▮ Even if defendants could demonstrate conflict preemption, they could not establish complete preemption because plaintiffs' tort claims do not fall within the scope of ERISA's enforcement provision, § 502(a), which states: "A civil action may be brought—(1) by a participant or beneficiary ... (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Supreme Court has construed this provision to mean that, "[i]f a participant or beneficiary believes that benefits promised to him under the terms

of the plan are not provided, he can bring suit seeking provision of those benefits" and that "[a] participant or beneficiary can also bring suit generically to 'enforce his rights' under the plan, or to clarify any of his rights to future benefits." *Aetna Health Inc. v. Davila*, 124 S.Ct. at 2496.

Plaintiffs' tort claims do not fall within this construction of § 502(a) for the simple reason that, at the times relevant to the alleged torts, Arthur DaPonte was not a "participant" and Marcia DaPonte was not a "beneficiary" of any such ERISA plan. *See Simon v. General Elec. Co.*, 263 F.3d 176, 177–78 (2d Cir.2001) (*per curiam*) (defining "participant" and "beneficiary" for ERISA purposes and holding that plaintiff who is neither participant nor beneficiary has no standing to sue under § 502(a)). Moreover, plaintiffs do not allege that defendants misrepresented the "benefits promised to [Arthur DaPonte or his beneficiaries] *under the terms of the plan*," a critical fact in the Supreme Court's § 502(a) analysis supporting its finding of complete preemption in *Aetna Health Inc. v. Davila*, 124 S.Ct. at 2496 (emphasis added). They allege that defendants fraudulently and/or negligently misrepresented that they would provide Arthur DaPonte with some form of medical coverage, without regard to the existence or terms of any ERISA plan. Thus, because neither the existence of an ERISA plan nor the interpretation of any such plan's terms is material to plaintiffs' tort claims, the district court correctly concluded that there was no complete preemption by ERISA in this case. *Cf. Caterpillar Inc. v. Williams*, 482 U.S. 386, 394–95, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987) (ruling that employment claims "not substantially dependent upon interpretation of the collective-bargaining agreement" were not completely preempted by Labor Management Relations Act); *Smith v. Texas Children's*

*Hosp.,* 84 F.3d 152, 155 (5th Cir.1996) (rejecting complete preemption argument where plaintiff's fraudulent misrepresentation claim did not depend on existence of ERISA benefits plan).[3]

The September 17, 2004 judgment of the district court, dismissing plaintiffs' state-law tort claims without prejudice to their further pursuit in state court, is hereby AFFIRMED.

**3.** In rejecting defendants' complete preemption argument, we do not preclude them from raising ERISA-based defenses in any state court proceedings. *See* Paul J. Schneider & Barbara W. Freedman, *ERISA: A Comprehensive Guide* § 9.5[A] (2d ed.2003).