Stephen FLANAGAN, as a Trustee of the General Building Laborers' Local 66 Pension Fund; Stephen Flanagan, as a Trustee of the General Building Laborers' Local 66 Welfare Fund; Stephen Flanagan, as a Trustee of the General Building Laborers' Local 66 Vacation Fund; Stephen Flanagan, as a Trustee of the General Building Laborers' Local 66 Annuity Fund; Stephen Flanagan, as a Trustee of the General Building Laborers' Local 66 Employer Cooperative and Educational Trust Fund; Stephen Flanagan, as a Trustee of the General Building Laborers' Local 66 Greater N.Y. Laborers' Employer Cooperative and Educational Trust Fund; Stephen Flanagan, as a Trustee of the General Building Laborers' Local 66 Training Program; Stephen Flanagan, as a Trustee of the General Building Laborers' Local 66 N.Y.

State Health and Safety Fund; Stephen Flanagan, as a Business Manager of General Building Laborers' Local Union No. 66 of the Laborers' International Union of North America, AFL–CIO Fund, Plaintiff,

v.

**IDI CONSTRUCTION COMPANY, INC., a/k/a IDI Construction, Inc., and James Stumpf, Defendants.**

No. 04 CV 5402(ADS)(ETB).

United States District Court, E.D. New York.

Oct. 14, 2005.

William T. Lavelle, P.C. by Alicia M. Gryn, Esq., Patchogue, NY, for Plaintiff.

Marilyn Simon & Associates, by Marilyn Simon, Esq., New York City, for Defendant IDI Construction Company, Inc.

Hiscock & Barclay, LLP by Robert A. Barrer, Esq., Syracuse, NY, for Defendant James Stumpf.

## MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Stephen Flanagan ("Flanagan" or the "plaintiff"), as a Trustee of the General Building Laborers' Local 66 ("Local 66") Pension Fund, the Local 66 Welfare Fund, the Local 66 Vacation Fund, the Local 66 Annuity Fund, the Local 66 Laborers' Employer Cooperative and Educational Trust Fund, the Local 66 Greater N.Y. Laborers' Employer Cooperative and Educational Trust Fund, the Local 66 New York State Health and Safety Fund (the "plaintiff Funds"), and as Business Manager of General Building Laborers' Local Union No. 66 of the Laborers' International Union of North American, AFL–CIO brought this action against IDI Construction Company, Inc. a/k/a IDI Construction, Inc. ("IDI" or the "corporate defendant") and James Stumpf ("Stumpf" or the "individual defendant") (collectively, the "defendants") pursuant to 29 U.S.C. §§ 1132 and 1145 ("ERISA") alleging that the defendants failed to make contributions to the plaintiff Funds as required by a collective bargaining agreement signed the parties. Presently before the court is a motion by the individual defendant pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted.

## I. BACKGROUND

The following facts are derived from the complaint, unless otherwise noted, and are taken as true for the purposes of this motion.

IDI is a New York corporation engaged in construction and contracting. By letter of Marilyn Simon, Esq. of Marilyn Simon & Associates, attorneys for IDI, dated March 21, 2005, the Court is aware that IDI is currently in bankruptcy having filed a petition for liquidation pursuant to chap-

ter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York on December 15, 2004. The individual defendant is a principle of IDI (i.e. "an officer and/or director and/or shareholder and/or agent" (Compl.¶ 4)). The plaintiff is the trustee of the eight employee benefit plans constituting the plaintiff Funds. Local 66 is an unincorporated labor organization. Local 66 and the defendants are parties to a collective bargaining agreement that requires IDI to make to the plaintiff Funds. Under the agreement, IDI is to contribute a particular amount of money for each hour worked by IDI employees who are Local 66 members participating in the plaintiff Funds. The plaintiff commenced this action on December 13, 2004 alleging that although IDI employed members of Local 66 that were participating in the plaintiff Funds, it did not make the contributions as required by the collective bargaining agreement.

## II. DISCUSSION

### A. Legal Standard

On a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court should dismiss the complaint if it appears beyond doubt that the plaintiff can prove no set of facts in support of her complaint which would entitle her to relief. *King v. Simpson,* 189 F.3d 284, 286–87 (2d Cir.1999); *Bernheim v. Litt,* 79 F.3d 318, 321 (2d Cir.1996). The court must accept all well-pled factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Koppel v. 4987 Corp.,* 167 F.3d 125, 130 (2d Cir. 1999); *Jaghory v. N.Y. State Dep't of Educ.,* 131 F.3d 326, 329 (2d Cir.1997). The Court is not to decide whether the plaintiff will ultimately prevail. Rather, the issue is whether the plaintiff's allega-

tions are sufficient so as to entitle her to offer evidence to support her claims. *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995).

### B. ERISA

■ Under ERISA,

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

29 U.S.C. § 1145. An "employer" is "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan." 29 U.S.C. § 1002(5). An individual can be an "employer" under this definition and for purposes of ERISA. *Sasso v. Cervoni,* 985 F.2d 49, 50 (2d Cir.1993) (citing *Massachusetts Laborers' Health & Welfare Fund v. Starrett Paving Corp.,* 845 F.2d 23, 25–26 (1st Cir.1988)). However, an individual is not "obligated to make contributions" as required by section 1145 solely by virtue of her position within a corporation. *Sasso,* 985 F.2d at 50. Courts typically will not impose liability on an individual based on the ERISA violations of a corporation absent fraud, *see Leddy v. Standard Drywall, Inc.,* 875 F.2d 383, 388 (2d Cir.1989), or the individual's "knowing participation" in a breach of the corporation's fiduciary duty. *Lowen v. Tower Asset Mgmt., Inc.,* 829 F.2d 1209, 1220 (2d Cir.1987).

However, this type of malfeasance need not be shown when the individual has an independent duty to make plan contributions. For instance, an individual may, without regard to ERISA, personally assume an obligation to make contributions

to a plan by signing the collective bargaining agreement that requires the payments. *See Cement & Concrete Workers District Council Welfare Fund, Pension Fund, Legal Services Fund and Annuity Fund v. Lollo,* 35 F.3d 29, 37 (2d Cir.1994). In *Lollo,* the Second Circuit held an individual liable under ERISA because the individual assumed the obligations of his corporation by becoming a party to the agreement at issue. *Id.* By signing the agreement, the individual became "contractually obligated, wholly independently of ERISA, to make plan contributions." *Id.*

■ Here, the individual defendant argues that the plaintiff's complaint fails to state a claim because the plaintiff does not allege special circumstances, such as fraud or other wrongdoing, that would support the imposition of individual liability. However, as noted above, a plaintiff need not plead such allegations if it is alleged that the individual was otherwise obligated to make plan contributions. *See Lollo,* 35 F.3d at 37. In paragraph nine of its complaint, the plaintiff alleges that both the corporate defendant *and* the individual defendant were parties to the collective bargaining agreement. Assuming this is true, as the Court must for the purpose of this motion, the individual defendant thereby became "obligated to make contributions" to the plan. 29 U.S.C. § 1145; *see Lollo,* 35 F.3d at 37. Therefore, the plaintiff has stated a claim under ERISA. Accordingly, the defendants' motion to dismiss is denied.

## C. As to the Plaintiff's Breach of Contract Claim

In paragraph twenty-nine of its complaint, the plaintiff asserts common law breach of contract as its "ninth claim for relief." The defendant's motion to dismiss does not specifically address this claim. However, for the reasons set forth below,

the Court is without jurisdiction over this cause of action and dismisses it *sua sponte. See* Fed.R.Civ.P. 12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

"ERISA established a comprehensive federal statutory program intended to control abuses associated with pension benefit plans." *Geller v. County Line Auto Sales, Inc.,* 86 F.3d 18, 22 (2d Cir.1996). In order to achieve national uniformity in the regulation of such plans, ERISA expressly preempts "any and all State law insofar as they may now or hereafter relate to any employee benefit plan" covered by the statute. 29 U.S.C. § 1144(a); *see Cicio v. Does,* 385 F.3d 156, 158 (2d Cir.2004) (common law actions that "relate to" employee benefit plans are preempted by ERISA).

■ A state-law claim that "duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Aetna Health Inc. v. Davila,* 542 U.S. 200, 124 S.Ct. 2488, 2495, 159 L.Ed.2d 312 (2004); *see also Ingersoll–Rand Co. v. McClendon,* 498 U.S. 133, 143–45, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990). Furthermore, it is well-settled that common-law contract claims relating to employee benefits are generally preempted by ERISA. *Devlin v. Transp. Communs. Int'l Union,* 173 F.3d 94, 101 (2d Cir.1999). Here, the basis for the plaintiff's claim of common-law breach of contract is that the defendants failed to "check off" "Mason Tender Dues" to be sent to the "Mason Tenders District Council" as required by the terms of the collective bargaining agreement. Essentially, this is a claim that the defendants failed to perform additional duties under the same agreement that required them to make

contributions to the plaintiff Funds. Accordingly, the Court finds that the claim for common law breach of contract "relates to" the ERISA plan and is preempted by ERISA. Accordingly, the plaintiff's claim for breach of contract is dismissed.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that the motion by the defendant James Stumpf pursuant to Fed. R.Civ.P. 12(b)(6) to dismiss the complaint for failure to state a claim upon which relief can be granted is **DENIED;** and it is further

**ORDERED,** that on motion by the Court the plaintiff's breach of contract claim is **DISMISSED;** and it is further

**ORDERED,** that the defendant James Stumpf is to serve his answer within 20 days of the date of this decision. This Order does not effect the defendant IDI Construction Company, Inc. a/k/a IDI Construction, Inc. pursuant to section 362 of the Bankruptcy Code ("Automatic Stay").

**SO ORDERED.**